ROBERT LESLIE TUDOR and LORRAINE TUDOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tudor v. Commissioner
Docket No. 15305-80.
United States Tax Court
T.C. Memo 1983-638; 1983 Tax Ct. Memo LEXIS 146; 47 T.C.M. (CCH) 104; T.C.M. (RIA) 83638; October 17, 1983. Robert Leslie Tudor, pro se. Dennis Brager, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assinged to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *147 OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $341. The only issue remaining for decision is whether petitioners are entitled to deduct as a theft loss an amount paid to the Institute of Individual Religious Studies for family estate materials. Some of the facts have been stipulated and are found accordingly. During the year 1976 petitioners Robert and Lorraine Tudor paid $2,000 to the Institute of Individual Religious Studies for a "trust program" including written materials, fill-in-the-blank forms and instructions on forming a "family estate trust." Petitioners believed that creation of a trust according to the materials would shelter much of their income from taxation and avoid estate taxes and the necessity for probate. Subsequent to establishment of the trust, the trust filed an income tax return which erroneously included petitioners' income. Petitioners' income tax return did not reflect the income shown on the tax return of the trust. Upon audit, petitioners agreed to pay tax on the omitted income. Petitioners now claim a theft loss deduction for *148 the $2,000 paid for the trust materials. Petitioners maintain that because the family estate trust was incapable of providing the promised benefits and because persons selling the package should have known this to be the case, they are entitled to a theft loss for the amount paid for the trust. Respondent's position is that petitioners have failed to show a theft under California law and, therefore, are not entitled to a theft loss deduction under section 165(c). Section 165(c)(3) allows a deduction for unreimbursed theft losses in excess of $100 in the year a theft is discovered. Whether a theft occurs is determined under state law. Luman v. Commissioner,79 T.C. 846, 860 (1982). The burden is upon the petitioner to prove that the loss qualifies as a theft loss within the meaning of section 165(c)(3). Rule 142(a), Tax Court Rules of Practice and Procedure.Welch v. Helvering,290 U.S. 111, 115 (1933). According to California Penal Code, Section 484 "Every person who shall * * * knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal *149 property * * * is guilty of theft." Thus, theft by misrepresentation requires specific intent to deceive. People v. Ashley,267 P.2d 271, 282 (1954). Here, petitioners must establish not only that the trust failed to accomplish its goals, but also that those selling the trust materials knew that the trust would fail and intentionally misrepresented that fact. Prior to purchasing the trust materials petitioners signed a form which advised them of the possibility of an Internal Revenue Service challenge and of the existence of Internal Revenue Service rulings which were adverse to the use of the trust. Petitioners presented no evidence that the sales people actually knew that the trust would not do what the Institute of Individual Religious Studies claimed, but only that they were aware of the position of the Internal Revenue Service. Thus, as in Gilbert v. Commissioner,T.C. Memo. 1982-374; Brown v. Commissioner,T.C. Memo. 1982-253; Chiabai v. Commissioner,T.C. Memo. 1982-611; and Luman v. Commissioner,supra at 860, petitioners have not established that they received anything other than *150 the trust package designed to shift their income to a trust which they knew would be challenged by the Internal Revenue Service. This is precisely what they bargained for. Therefore, they have not established a theft under California law and fail to meet the provisions for a theft loss under section 165(c)(3). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.